IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ALAN WAYNE HURLBUT,           )
                              )
            Plaintiff,        )
                              )
v.                            )     No.  07-1027-MLB
                              )
CHRIS R. BRAUER,              )
                              )
            Defendant.        )
_____)

## ORDER

Plaintiff, proceeding pro se, filed this case on January 29, 2007. The complaint alleges, in substance, that plaintiff entered into a plea agreement in the U.S. District Court for the District of Maine in which defendant, then a state prosecutor in Oregon, agreed to dismiss state charges of an undescribed nature. Plaintiff asserts that he lived up to his side of the plea agreement by serving a term in federal prison. In April 2006, presumably after plaintiff had completed serving his sentence, the Social Security Administration stopped his retirement benefits citing an outstanding warrant in Oregon. Citing "general contract law" plaintiff alleges that defendant breached the Maine plea agreement by not dismissing the Oregon charges. Plaintiff seeks to recover $13,000 of lost social security benefits and an award of punitive damages in the amount of $66,000.

Defendant filed a motion to dismiss on the following grounds: (1) lack of personal jurisdiction; (2) improper venue; (3) failure to state a claim and (4) to the extent relief is sought from the state of Oregon, lack of subject matter jurisdiction. When plaintiff did

not respond to defendant's motion, the court issued an order to show cause (Doc. 12) which, inter alia, advised plaintiff that if a proper response to the motion to dismiss was not filed, his case would be dismissed, with prejudice. Plaintiff filed a response which states, in its totality:

> In a related case last year, I made the mistake of filing a response to the defendant's motion to dismiss. It served only to provide the defendant with the opportunity to introduce numerous new arguments and assertions to which I had not the right to reply. Therefore, I choose to allow this motion to stand or fall on its merits.

(Doc. 13)[1].

Plaintiff's "response" does not comply with this court's Rule 7.1(c) which provides, in pertinent part, that ". . . a party opposing a motion shall file and serve a written response to the motion containing a short, concise statement of its opposition to the motion, and if appropriate, a brief or memorandum in support thereof." In reality, it is no response at all. While all of the grounds cited by defendant have merit, only one needs to be mentioned: the motion to dismiss for lack of personal jurisdiction.

In his complaint, plaintiff asserts that this court's jurisdiction is based upon diversity of citizenship. Plaintiff is a resident of Kansas. Defendant, a former prosecutor but now an Oregon state judge, is a resident of Oregon. The plea agreement which forms the basis of plaintiff's complaint was entered into and/or breached

---

[1] The "related case" to which plaintiff refers appears to be Hurlbut v. Barnhart, Case No. 06-1147. In that case plaintiff, appearing pro se, challenged the Social Security Administration's suspension of benefits due to the existence of outstanding felony warrants. By Memorandum and Order of December 20, 2006, Senior Judge Wesley E. Brown dismissed the case for lack of jurisdiction.

in either Maine or Oregon.  Even giving the complaint its broadest possible construction, nothing relating to plaintiff's case occurred in Kansas.  Accordingly, for the reasons set forth in defendant's motion, which are not contradicted by plaintiff, the motion is granted.  This case is dismissed, with prejudice.  The clerk shall enter the judgment accordingly.

IT IS SO ORDERED.

Dated this   25th   day of July 2007, at Wichita, Kansas.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE